Filed: 10/17/2017 3:11 PM
Juli Luke
Denton County, County Clerk
By: Nancy Mclaughlin, Deputy

No. **CV-2017-02099**

| | | |
|---|---|---|
| **FELIPE MUNOZ &,** | § | **IN THE COUNTY COURT** |
| **STEPHANIE ESTRADA Plaintiffs,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. 2** |
| | § | |
| **SHAKYRA SANDERS &** | § | |
| **LANDSTAR INWAY, INC., Defendants** | § | **DENTON COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY

---

Plaintiffs, **FELIPE MUNOZ & STEPHANIE ESTRADA** files this original petition against defendant, **SHAKYRA SANDERS**, and alleges as follows:

### A. DISCOVERY-CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### B. RELIEF

2.     Plaintiff seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees.

### C. PARTIES

3.     Plaintiffs, FELIPE MUNOZ & STEPHANIE ESTRADA, are individuals, residing together in Dallas County, Texas.

4.     Defendant, SHAKYRA SANDERS, an individual, may be served with process at defendant's usual place of abode in Ashland County at 82008 County Road F Butternut, Wisconsin 54514, or wherever defendant may be found.

5.     Defendant, LANDSTAR INWAY, INC., is a corporation, may be served at defendant's primary place of business in 13410 Sutton Park, Drive, South Jacksonville, Florida 32224 on defendant's director Patrick J O'Malley or by defendant's Registered Agent, C T CORPORATION SYSTEM at 1200 South Pine Island Rd, Plantation, FL 33324.

## D. VENUE

5.      Venue is proper in Denton County under Texas Civil Practice & Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Denton County.

## E. FACTS

6.      On or about August 04, 2016 Plaintiffs, Felipe Munoz & Stephanie Estrada, were traveling southbound on Interstate 35 in the left lane. Defendant driver, Shakyra Sanders attempted to change lanes into Plaintiffs' lane. Despite numerous attempts to get the attention of Defendant Driver, Defendant Driver ran into Plaintiff's causing severe property and physical damage to Plaintiffs, of which, Plaintiffs are still suffering from to date.

## F. NEGLIGENCE CLAIM AGAINST SHAKYRA SANDERS

7.      Defendant had a duty to exercise ordinary care and operate defendant's vehicle reasonably and prudently.

8.      Defendant breached the duty of care in the following ways:
   a.      Failing to timely apply the brakes.
   b.      Failing to maintain a proper lookout.
   c.      Failing to maintain proper control of defendant's vehicle.
   d.      Failing to turn the vehicle to avoid the collision.
   e.      Driving defendant's vehicle at a rate of speed greater than that at which a person of ordinary prudence would have driven under the same or similar circumstances.

9.      Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages:
   a.      Physical pain in the past and future.
   b.      Mental anguish in the past and future.
   c.      Disfigurement in the past and future.
   d.      Physical impairment in the past and future.
   e.      Medical expenses in the past and future.
   f.      Loss of earning capacity in the past and future.

10.     Plaintiff seeks damages within the jurisdictional limits of this Court.

## G.  STATUTORY EMPLOYEES

At all times material to this cause of action, Defendant **SHAKYRA SANDERS** was for all purposes statutory employees of Landstar Inway, Inc. as contemplated by both the Federal Motor Carrier Safety Responsibility Act (FMCSR) and Texas statute. An employer, as defined by FMSCR, "means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business…." 49 C.F.R. § 390.5 (1997). Texas has incorporated, by reference, Parts 382, 385, 386, 390-393, and 395-395 of the Federal Motor Carrier Safety Regulations. *See* 37 Tex. Admin. Code § 3.62(a) (1996) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Parts 382, 385, 386, 390-393, and 395-397

including amendments and interpretations thereto." Landstar Inway, Inc is thereby vicariously liable for the negligent actions of Shakyra Sanders. *Morris v. JTM Materials*, 78 S.W.3d 28 (Tex. App-Fort Worth 2002, no pet.).

### H.  RESPONDEAT SUPERIOR CLAIM AGAINST LANDSTAR INWAY, INC.

At all times material hereto, all agents, servants, and/or employees of **LANDSTAR INWAY, INC**. including **SHAKYRA SANDERS** were acting within the course and scope of employment and/or official duties.

Furthermore, at all times material hereto, all agents, servants, and/or employees of **LANDSTAR INWAY, INC**, including **SHAKYRA SANDERS**, were acting in furtherance of the duties of their office and/or employment.

Therefore, **LANDSTAR INWAY, INC.**, is responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees, including **SHAKYRA SANDERS**, pursuant to the Doctrine of *Respondeat Superior.*

### I.  NEGLIGENCE PER SE CLAIM AGAINST LANDSTAR INWAY, INC.

Moreover, Plaintiffs will show that, at the time of the incident in question, Defendant **LANDSTAR INWAY, INC., SHAKYRA SANDERS** violated the TEXAS TRANSPORTATION CODE in at least one or more of the following ways:

    a.      Failing to control the speed of the vehicle, in violation of § 545.351;

    b.      Failing to change lanes when it is safe, in violation of Texas Transportation Code 545.060;

    c.      Failing to approach the intersection in the extreme left-hand lane lawfully available to a vehicle moving in the direction of the vehicle, in violations of Texas Transportation Code §545.101; and

    d.      Failing to drive a speed that is reasonable and prudent under the same or similar circumstance, in violation of 545.351.

At all times material to this cause of action, Plaintiffs belonged to that class of persons for whom said statutes were enacted to protect.  Defendants **LANDSTAR INWAY, INC. and SHAKYRA SANDERS** failed to adhere to the non-conditional standards set forth by said statutes and/or regulations constitutes *negligence per se*. Each and all of the above stated acts and/or omissions are a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

## J. PRAYER

11.     For these reasons, plaintiff asks that the Court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendant for the following:
   a.     Actual damages.
   b.     Prejudgment and post judgment interest.
   c.     Court costs.
   d.     All other relief to which plaintiff is entitled.

Respectfully submitted,

**The Law Offices of Kelly T. Curran**

BY:_____

**Garrett J. McLearen**
State Bar No. 24090258
5720 LBJ Fwy. Suite 440
Dallas, Texas 75240
Phone: (469) 730-3007
Fax:    (469) 458-2993
Email: Garrett@ktclawfirm.com
**ATTORNEY FOR PLAINTIFF**

No. <u>CV-2017-02099</u>

| | | |
|---|---|---|
| **FELIPE MUNOZ &,** | § | **IN THE COUNTY COURT** |
| **STEPHANIE ESTRADA Plaintiffs,** | § | |
| | § | |
| **v.** | § | **AT LAW NO.** <u>2</u> |
| | § | |
| **SHAKYRA SANDERS &** | § | |
| **LANDSTAR INWAY, INC., Defendants** | § | **DENTON COUNTY, TEXAS** |

---

### PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY

---

**TO:**   **Defendants, SHAKYRA SANDERS,** at 82008 County Road F Butternut, Wisconsin 54514.

COMES NOW, FELIPE MUNOZ & STEPHANIE ESTRADA, Plaintiffs in the above styled cause of action and serves <u>PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY</u> upon Defendant, SHAKYRA SANDERS as allowed by Tex.R.Civ.P. 192 through 197.  Defendant must answer each request separately, fully, in writing, and under oath, within fifty (50) days after service.

*The Law Offices of Kelly T. Curran*

BY:_____

**Garrett J. McLearen**
State Bar No. 24090258
5720 LBJ Fwy. Suite 440
Dallas, Texas 75240
Phone: (469) 730-3007
Fax:    (469) 458-2993
Email: Garrett@ktclawfirm.com
**ATTORNEY FOR PLAINTIFF**

# I.  INSTRUCTIONS

1.	For each document or other requested information that you assert is privileged or for any other reason excludable from discovery, identify that document or other requested information.  State the specific grounds for the claim of privilege or other ground for exclusion.  Also, for each document, state the date of the document, the name, job title, and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title, and address of the person now in possession of the document; and a description of the subject matter of the document.

2.	For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance.  Also, identify each person having knowledge about the disposition or loss and identify each document evidencing the existence or nonexistence of each document that cannot be located.

# II. DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1.	"Plaintiffs" or " FELIPE MUNOZ & STEPHANIE ESTRADA " means Plaintiffs, their agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, excluding their attorney.

2.	"Defendants" or "SHAKYRA SANDERS" means Defendants, their agents, representatives, employers and all other persons acting in concert with them, or under their control, whether directly or indirectly, excluding their attorney.

3.	"You" or "your" means Defendants, SHAKYRA SANDERS, their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, employers and all other persons acting on behalf of Defendants, successors, predecessors, divisions, and subsidiaries.

4.	"Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

5.	"File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6.          "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.          "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

8.          "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

9.          "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

10.          "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.          "Describe" or "identify," when referring to a person, means you must state the following:

      a.          The full name;

      b.          The present or last known residential address;

      c.          The present or last known residential and office telephone numbers;

      d.          The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and

      e.          In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

12.          "Describe" or "identify," when referring to a document, means you must state the following:

      a.          The nature (e.g., letter, handwritten note) of the document;

      b.          The title or heading that appears on the document;

      c.          The date of the document and the date of each addendum, supplement, or other addition or change;

      d.          The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and

      e.          The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

13.     The word "and" means "and/or."

14.     The word "or" means "or/and."

15.     "Accident," "incident," or "collision," refers to the incident pleaded in Plaintiff's petition(s).


## III. <u>INTERROGATORIES</u>


Pursuant to Rule l97, Texas Rules of Civil Procedure, Defendant is requested to answer the attached interrogatories separately, fully, in writing, and under oath.


<u>INTERROGATORY NO. 1:</u>

Please identify yourself by giving your full legal name (including any and all other names used by you or by which you have been known), date and place of birth, social security number, driver's license number, present residential address, occupation, employer, and marital status.


<u>INTERROGATORY NO. 2:</u>

Identify the owner of each vehicle that was involved in the accident, and each person who was in any of the vehicles involved in the incident.


<u>INTERROGATORY NO. 3:</u>

Describe your activities on the day of the collision in question, beginning from the time you began your day and leading up to said collision, outlining specifically the places you had been, the time spent there, your purpose and the things you did there, and the people with whom you spoke and where you were going when the collision in question occurred.


<u>INTERROGATORY NO. 4:</u>

If you were acting within the course and scope of your employment, or as an agent for any person or entity, at the time of the incident, identify that employer or principal.

INTERROGATORY NO. 3:

If you drank any alcoholic beverages, used any drugs, or took any medication, whether prescription or not, during the twenty-four hour period immediately prior to the collision, identify (as defined herein) each beverage, drug or medication, the amount consumed, time consumed and the identity of the prescribing physician.

INTERROGATORY NO. 4:

If you presently wear glasses, contact lenses, or a hearing aid, or if glasses or hearing aids have ever been prescribed for you, identify the prescribing doctor and the medical reason the glasses and/or hearing aid was prescribed.

INTERROGATORY NO. 5:

If you or anyone else in your vehicle at the time of the collision sought medical treatment as a result of the collision, please state the nature of the injury(ies), and identify each medical provider from whom treatment was received.

INTERROGATORY NO. 6:

Describe in detail any conversations you or any witness you have identified have had or overheard or of which you are aware, which were held with Plaintiff at the scene of the incident and/or since the incident.

INTERROGATORY NO. 7:

If you have any information that Plaintiff made any admission or declaration against interest which would in any way tend to support your version of this case, please state:

      (a)     the time and place when such admission or declaration was made;

      (b)     the substance of the admission or declaration;

      (c)     the names, addresses and telephone numbers of all persons in whose presence such admission or declaration was made.

INTERROGATORY NO. 8:

Describe how you believe the collision in question occurred, giving a complete description of the events and/or statements which took place immediately preceding and immediately subsequent to the collision in question, and identify the source from which such information was obtained.

INTERROGATORY NO. 9:

State whether you did anything to avoid the collision in question, and, if so, describe such action.

INTERROGATORY NO. 10:

State the speed of any vehicles involved in this incident immediately prior to and at the time of the collision in question, and the source from which such information was obtained.

INTERROGATORY NO. 11:

If weather, lighting conditions, visibility obstructions or any similar factor contributed to the collision in question, state the factor or factors and the manner in which each contributed to the collision.

INTERROGATORY NO. 12:

If you received a traffic citation as a result of the accident, identify the court involved, the violations for which you were cited, and the final disposition of the citation(s).

INTERROGATORY NO. 13:

If within the past ten years you have been convicted of a felony or a misdemeanor involving a crime of moral turpitude, provide all related factual information, including the date of the conviction, the court involved, the sentence assessed, the length of incarceration, and your release date.

INTERROGATORY NO. 14:

Identify each motor vehicle collision in which you have been involved as a driver, excluding the incident made the basis of this suit.  For each collision, include the date of the collision, the

identity of other driver(s), the location (street, city, and state), and if fault was determined, the result.

## INTERROGATORY NO. 15:

With regard to any phones that were in your vehicle at the time of the accident in question, please state:

      a.     The name, address, and telephone number of the provider (on the date of the accident) of the phone services for said phone;

      b.     State the telephone number (on the date of the accident) for said phone;

      c.     State the account number for said phone on the date of the accident;

      d.     State the full name, address, and telephone number of the person in whose name the phone was listed on the date of the accident; and

      e.     State the full name, address, and telephone number of the person in whose name the phone services account (on the date of the accident) was listed.

## INTERROGATORY NO. 16:

Please state the date upon which Defendant reasonably anticipated that litigation in this matter would likely ensue and identify with specificity those facts and circumstances which were known to Defendant at the time which formed the basis for such determination that litigation would ensue.

## INTERROGATORY NO. 17:

Please describe in detail the conversation you had with plaintiff at the scene of the collision.

No. <u>CV-2017-02099</u>

| | | |
|---|---|---|
| **FELIPE MUNOZ &,** | § | **IN THE COUNTY COURT** |
| **STEPHANIE ESTRADA Plaintiffs,** | § | |
| | § | |
| **v.** | § | **AT LAW NO.** <u>2</u> |
| | § | |
| **SHAKYRA SANDERS &** | § | |
| **LANDSTAR INWAY, INC., Defendants** | § | **DENTON COUNTY, TEXAS** |

---

## VERIFICATION

---

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| _____ COUNTY | § |

BEFORE ME, the undersigned authority, on this day personally appeared **SHAKYRA SANDERS**, a person known to me, who, after being by me duly sworn on his/her oath, deposed and stated that he/she is the Defendant in the foregoing cause of action, that he/she has read and answered the foregoing Interrogatories, and that the answers contained therein are true and correct and within his/her personal knowledge.

SIGNED this _____ day of _____, 2017.

_____

**SHAKYRA SANDERS**

ACKNOWLEDGED AND SWORN TO BEFORE ME this _____ day of _____, 2017, to certify which witness my hand and seal of office.

_____

NOTARY PUBLIC, State of Texas

# IV. **REQUEST FOR PRODUCTION**

Pursuant to Rule 196, Texas Rules of Civil Procedure, Defendant is requested to produce and permit the inspection and copying of the following documents:

REQUEST NO. 1:

Produce the title to the vehicle Defendant was driving on the day of the collision.

REQUEST NO. 2:

Produce all documents reflecting the Defendant's driver's license and driving record.

REQUEST NO. 3:

Produce all photographs, videos, and other graphical representations or renderings Defendant has of the collision, vehicles, parties, or the scene of the accident.

REQUEST NO. 4:

Produce all damage appraisals, estimates, work orders, invoices or receipts reflecting the damage done to the vehicles involved in the collision in question.

REQUEST NO. 5:

Produce a copy of each and every record, document, invoice, bill and/or tangible item produced by and/or on behalf of each and every individual, business and/or company which generated an estimate concerning the damage and/or repairs to the vehicle which Defendant was driving at the time of the incident made the basis of this lawsuit.

REQUEST NO. 6:

Produce a copy of each and every record, document, invoice, bill and/or tangible item produced by and/or on behalf of each and every individual, business and/or company which made repairs to and/or salvaged any part of the vehicle which Defendant was driving at the time of the occurrence made the basis of this lawsuit.

REQUEST NO. 7:

Produce all invoices or receipts for repairs or service to Defendant's vehicle for one year prior to the collision.

REQUEST NO. 8:

Produce all diaries or logs kept by Defendant regarding maintenance or repair of the vehicle he was driving at the time of the collision.

REQUEST NO. 9:

Produce exact copies of documents, photographs or videotapes identifying the damage to Defendant's or Plaintiff's vehicle arising out of the collision in question.

REQUEST NO. 10:

Produce all drawings, maps, or sketches of the scene of the accident.

REQUEST NO. 11:

Produce the police report, incident report or other report(s) relating to the collision.

REQUEST NO. 12:

Produce exact copies of each writing and document received from any law enforcement or regulatory agency of the federal or state governments relating to the subject matter of this suit

[NOTE:  This would include any traffic, civil, or criminal citation, accident reports, Social Security disability information, Veterans Administration information, etc.]

REQUEST NO. 13:

Produce all documents evidencing a conviction of Plaintiff(s) which Defendant may use at trial, pursuant to Tex.R.Civ.Evid. 609(f).

REQUEST NO. 14:

Produce all documents evidencing a conviction of any witness which Defendant may use at trial, pursuant to Tex.R.Civ.Evid. 609(f).

REQUEST NO. 15:

Produce any statements made by Plaintiff(s) concerning the incident in question.

REQUEST NO. 16:

Produce any and all statements of Plaintiff and/or any of Plaintiff's family concerning the incident in question.  As used herein "statement" means a written statement signed or otherwise adopted or approved by the person making it or a stenographic, mechanical, electrical or other type of recording or any transcription thereof which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

REQUEST NO. 17:

Produce all documents which relate to or may be related to a defensive theory that the incident in question was caused, in whole or in part, by the negligence, conduct and/or actions of Plaintiff.

REQUEST NO 18:

Produce all documents Defendant has obtained concerning Plaintiff's driving record.

REQUEST NO. 19:

Produce all diaries, calendars or other lists or notes kept by Defendant regarding or related in any way to the incident in question and/or related events that occurred thereafter.

REQUEST NO. 20:

Produce all documents Defendant has obtained concerning Plaintiff's physical and/or mental condition existing either before or after the incident including but not limited to all records obtained from doctors, physicians, medical practitioners, chiropractors, psychologists, therapists, hospitals, clinics, nursing care or treatment centers, or other health care providers or facilities, other than those provided to Defendant by Plaintiff.

REQUEST NO. 21:

All surveillance movies, photos, or other graphic representations or renderings of Plaintiff.

REQUEST NO. 22:

Produce any and all books, documents, photographs, or other tangible things which may be used at the time of trial, which may have a bearing on this cause of action.

REQUEST NO. 23:

Produce all medical records Defendant has collected related to Plaintiff whether by independent means or through depositions, depositions on written questions, or authorizations other than those medical records produced to Defendant by Plaintiff.

REQUEST NO. 24:

Produce copies of any and all records, documents, reports, and/or other tangible items which support or tend to demonstrate that the personal injuries alleged by Plaintiff in this lawsuit were caused by any other occurrence, event or condition other than the collision made the basis of this lawsuit.

REQUEST NO. 25:

Produce any and all documents, records, reports, and/or other tangible items which support or tend to support any contention or allegation that the medical services and/or treatment rendered to Plaintiff and/or the costs of said service and/or treatment was not reasonable and necessary to treat Plaintiff for the injuries sustained in the collision made the basis of this lawsuit.

REQUEST NO. 26:

Produce any and all documents, records, reports and/or other tangible items which show or tend to indicate that the collision made the basis of this lawsuit was caused in any way by the acts or omissions of Plaintiff.

REQUEST NO. 27:

Produce all telephone billing records which would include the date of the accident, for the telephone which was in your vehicle at the time of the accident in question.

REQUEST NO. 28:

Produce a photocopy of Defendant's drivers license (front and back) in any state in the

United States or any other Country where you now hold, or held a driver's license or permit which was valid at the time of the accident in question.

REQUEST NO. 29:

Produce all writings and documents containing any communication occurring between Plaintiff, or anyone acting on Plaintiff's behalf, on the one hand, and Defendant, or anyone acting on Defendant's behalf, on the other, including, but not limited to, handwritten notes of any such communication, copies of any correspondence, transcripts of tape recordings, tapes containing recordings, etc.

REQUEST NO. 30:

Produce exact copies of each writing and document which Defendant intends to introduce at the trial of this cause under <u>Texas Rules of Civil Evidence</u>, Articles VIII, IX, and X.

REQUEST NO. 31:

Exact copies of any demand or notice letters, documents or writings in any way referring to any claims made by, or against Plaintiff in connection with the subject matter of this suit.

REQUEST NO. 32:

Produce any and all insurance agreements or policies under which any person or entity carrying on all insurance agreements or policies may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgments, including but not limited to any liability insurance policy covering Defendant or the automobile being driven by Defendant at the time in question.

REQUEST NO. 33:

Produce copies of any and all documents and tangible things including all tangible reports, physical models, compilations of data and other materials prepared by an expert or for an expert in anticipation of the expert's trial and deposition testimony.

REQUEST NO. 34:

If you are asserting a privilege as to any interrogatory or request for production propounded in this lawsuit, request is made that a withholding statement be filed pursuant to TRCP § 193.3.

REQUEST NO. 35:

Produce exact copies of any and all writings and documents concerning information obtained from your vehicle's event data recorder (EDR), for the time of the collision, including, but not limited to the car's speed, the engine's r.p.m.s, whether – and how hard – the brakes were applied, the position of the accelerator pedal, the angle of the steering wheel, and the direction of travel.

REQUEST NO. 36:

Exact copies of any and all writings and documents concerning information obtained from your vehicles event data recorder (EDR), for the time of the collision, including, but not limited to the car's speed, the engine's r.p.m.s, whether -- and how hard -- the brakes are applied, the position of the accelerator pedal, the angle of the steering wheel, and the direction of travel.

REQUEST NO. 37:

A copy of the documents contained in Defendant's automobile liability insurance claim file regarding the collision made the basis of this suit, other than those created in anticipation of litigation or for trial. (See In re Texas Farmers Ins. Exchange, 990 S.W.2d 337 Tex. App.–Texarkana, 1999) (holding that if the primary motivating factor of the insurer's investigation is to evaluate the claim to determine whether it should be settled and the potential lawsuit avoided...the investigation is not conducted in anticipation of litigation).

REQUEST NO. 38:

A copy of any report, correspondence, memoranda, adjuster's notes or journal or log, or any other documents prepared at any time prior to the service of citation in this suit, at the request of Defendant's insurers, adjustors, claims services, or investigators, regarding the occurrence in question or any of the injuries or damages alleged to have resulted therefrom (except for privileged attorney-client communications).

<u>REQUEST NO. 39:</u>

Any document or other tangible item of any description which you contend contains information supporting your contention regarding the date Defendant reasonably anticipated litigation.

## V.  <u>REQUEST FOR ADMISSION</u>

<u>REQUEST NO. 1:</u>

Admit or Deny that Defendant was involved in a collision on August 04, 2016.

<u>REQUEST NO. 2:</u>

Admit or Deny that Plaintiff's medical care and bills, as claimed are related to the injuries suffered in the accident that is the basis for Plaintiff's lawsuit.

<u>REQUEST NO. 3:</u>

Admit or Deny that Plaintiff's medical care and bills, as claimed were reasonable and necessary.

<u>REQUEST NO. 4:</u>

Admit or Deny that Plaintiff suffered injuries proximately caused by your negligence.

<u>REQUEST NO. 5:</u>

Admit or Deny that you caused the August 04, 2016, collision.

<u>REQUEST NO. 6:</u>

Admit or Deny that Defendant is liable to Plaintiff for the injuries suffered on August 04, 2016.

<u>REQUEST NO. 7:</u>

Admit or Deny that Plaintiff lost wages in the past as a proximate result of injuries suffered in the accident made the basis of this lawsuit.

<u>REQUEST NO. 8:</u>

Admit or Deny that Plaintiff was injured as a proximate result of the incident made the basis of this lawsuit.

REQUEST NO. 9:

Admit or Deny that as a proximate result of the negligent acts and/or omissions of the Defendant, Plaintiff has suffered painful personal injuries.

REQUEST NO. 10:

Admit or Deny that Plaintiff has endured physical and mental pain and suffering as a proximate result of the incident made the basis of this lawsuit.

REQUEST NO. 11:

Admit or Deny that Defendant was engaged in conversation on a telephone at the time of the accident made the basis of this lawsuit.

REQUEST NO. 12:

Admit or Deny that Defendant was dialing a telephone at the time of the accident made the basis of this lawsuit.

REQUEST NO. 13:

Admit or Deny that Defendant was driving under the influence of drugs and/or alcohol at the time of the collision.

REQUEST NO. 14:

Admit or Deny that you have provided your recorded statement to your own insurance carrier regarding the collision at issue.

REQUEST NO. 15:

Admit or Deny that Defendant collided with the rear of Plaintiff's vehicle on the date at issue.

## VI. <u>REQUEST FOR DISCLOSURE</u>

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a-l).

No. <u>CV-2017-02099</u>

| | | |
|---|---|---|
| **FELIPE MUNOZ &,** | § | **IN THE COUNTY COURT** |
| **STEPHANIE ESTRADA Plaintiffs,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. <u>2</u>** |
| | § | |
| **SHAKYRA SANDERS &** | § | |
| **LANDSTAR INWAY, INC., Defendants** | § | **DENTON COUNTY, TEXAS** |

---

### PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY

---

**TO:   Defendant, LANDSTAR INWAY. INC., by serving its Registered Agent, C T CORPORATION SYSTEM at 1200 South Pine Island Road, Plantation, FL 33324.**

COMES NOW, FELIPE MUNOZ & STEPHANIE ESTRADA, Plaintiffs in the above styled cause of action and serves <u>PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY</u> upon Defendant, LANDSTAR INWAY, INC. as allowed by Tex.R.Civ.P. 192 through 197.  Defendant must answer each request separately, fully, in writing, and under oath, within fifty (50) days after service.

*The Law Offices of Kelly T. Curran*

BY:_____

**Garrett J. McLearen**
State Bar No. 24090258
5720 LBJ Fwy. Suite 440
Dallas, Texas 75240
Phone: (469) 730-3007
Fax:    (469) 458-2993
Email: Garrett@ktclawfirm.com
**ATTORNEY FOR PLAINTIFF**

**PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, the Defendant is hereby requested to disclose, within fifty (50) days of service of this Request, the information and materials described in Rule 194.2 (a) – (l), T.R.C.P.

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

**Definitions**

1.      "Document" refers to and includes every writing or record of any type and description that is in your possession, custody or control, including correspondence, memoranda, interoffice communications, stenographic or handwritten notes, drafts, studies, publications, invoices, ledgers, journals, books, records, accounts, pamphlets, voice recordings, reports, surveys, statistical compilations, work papers, data processing cards, computer tapes or printouts and/or all copies of each which contain any other writing or recordings of any kind which does not appear on the original or any other copy.

Without limitation of the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document or a copy thereof, or you may obtain possession from any other person or public or private entity having physical possession thereof.

4.      The words "you", "your", or "Defendant" refer to either LANDSTAR INWAY, INC., one of the Defendants in this cause.

5.      The words "Defendant Driver" or "your driver" refer Shakyra Sanders, date of birth September 14, 1984, with Wisconsin driver's license #3536791848, the person driving the vehicle registered to LANDSTAR INWAY, INC, Inc. at the time of the collision.

6.      The words "accident,", "incident", "occurrence" or "collision" refer to the

vehicular collision which occurred on or about August 4, 2016 in Denton, Texas, which is the subject matter of this lawsuit.

## **Instructions**

1.      _Response Date_.   The documents must be produced and responses made within thirty-one (31) days after receipt of this Request for Production.

2.      _Copies_.   In lieu of producing the originals of the documents themselves, legible copies of the documents and records may be produced in electronic form (.pdf is preferred).

3.      _Supplementation_. These requests require supplemental responses and documents if you obtain further relevant documents between the time the responses are served and the time of trial.

4.      _Organization_.   The Defendant is requested to either produce the documents as they are kept in the usual course of business or organize and label them to correspond with the written responses to these requests.

5.      _Privilege_. If any of the requests call for a document which you claim is privileged, please produce all documents called for in that request which are not privileged.  For any document or portion thereof withheld because of a claim of privilege, please state:

> (a)  the author of the document;

> (b)  to whom the document was sent;

> (c)  the date of the document;

> (d)  the subject matter of the document; and

> (e)  the basis for the claim of privilege.

## DOCUMENTS AND THINGS TO BE PRODUCED

REQUEST FOR PRODUCTION NO. 1: True and correct copies of any and all policies of liability insurance covering Defendant LANDSTAR INWAY, INC. and/or the vehicle being driven by SHAKYRA SANDERS, which was involved in the collision made the basis of this lawsuit, and which were in effect on August 4, 2016.

RESPONSE:


REQUEST FOR PRODUCTION NO. 2:  Any and all photographs of the vehicles involved in the collision made the basis of this lawsuit.

RESPONSE:


REQUEST FOR PRODUCTION NO. 3: Any and all photographs of the scene of the collision made the basis of this lawsuit.

RESPONSE:


REQUEST FOR PRODUCTION NO. 4:   Any and all photographs, slides, videotapes, motion pictures or other visual reproduction matter taken of the scene of the accident, any injuries sustained by any person involved in the accident, the vehicles involved, or any other such matter that Defendant would seek to introduce into evidence at the trial of this cause.

RESPONSE:


REQUEST FOR PRODUCTION NO. 5: Copies of any tests, measurements, drawings, diagrams or other documents prepared or obtained as a result of, or as a part of any investigation into the collision made the basis of this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6:      A copy of any written or recorded statement of any person with knowledge of relevant facts ("witness statement"), regardless of when the statement was made.  Rule 192.3(h), Tex.R.Civ.Proc.

RESPONSE:


REQUEST FOR PRODUCTION NO. 7:  Any and all repair estimates regarding damage done to the Defendant's tractor, trailer or the chassis being carried by LANDSTAR INWAY, INC., as a result of the collision in question; if Defendant has sold or transferred the vehicle or trailer or chassis in question, copies of all documentation regarding the sale, identifying to whom the vehicle was sold and the sale price.

RESPONSE:


REQUEST FOR PRODUCTION NO. 8: Any and all maps, charts, models, drawings, sketches, diagrams, accident reconstruction models or other demonstrative evidence which relate to the subject matter of this lawsuit and which Defendant may use at trial.

RESPONSE:


REQUEST FOR PRODUCTION NO. 9:  All data or documentation contained in the recorder data box in the vehicle which was being driven by the Defendant.

RESPONSE:


REQUEST FOR PRODUCTION NO. 10:  All documentary and physical evidence that the Defendant intends to introduce into evidence at the trial of this cause.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11:  The entire personnel file of SHAKRYA SANDERS, the driver of the Defendant's vehicle which was involved in the collision made the basis of this lawsuit.


RESPONSE:


REQUEST FOR PRODUCTION NO. 12:  Any and all files pertaining to SHAKRYA SANDERS, Defendant's driver, regardless of whether such files are referred to as personnel files, employee files, independent contractors' files, claim or accident files or some other company designation.

RESPONSE:


REQUEST FOR PRODUCTION NO. 13:  Any and all written or recorded contracts, agreements, letters, correspondence or other documents having to do with or pertaining to any contract, agreement or understanding between LANDSTAR INWAY, INC. and SHAKRYA SANDERS regarding employment or contractual relationship between them.

RESPONSE:


REQUEST FOR PRODUCTION NO. 14:  The Certificate of Title to the truck/tractor which was involved in the collision made the basis of this lawsuit.

RESPONSE:


REQUEST FOR PRODUCTION NO. 15:  A copy of the articles of incorporation of LANDSTAR INWAY, INC.


RESPONSE:

REQUEST FOR PRODUCTION NO. 16:   Your entire investigation file regarding the accident which is the subject of this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 17:   Any and all training manuals or other documents of any kind whatsoever having to do with or pertaining to the training or instruction of any of LANDSTAR INWAY, INC.'S truck drivers.

RESPONSE:

REQUEST FOR PRODUCTION NO. 18:   Any and all company policy manuals for LANDSTAR INWAY, INC.'S independent contractors and/or employees.

RESPONSE:

REQUEST FOR PRODUCTION NO. 19:   Any and all written or recorded reports of the accident made the basis of this lawsuit, which were made, reported or transcribed by any agent, servant, employee or independent contractor of LANDSTAR INWAY, INC.'S.

RESPONSE:

REQUEST FOR PRODUCTION NO. 20:  Any and all company manuals having to do with or pertaining to the hiring, supervising and paying the company's employees and/or independent contractors.

RESPONSE:

REQUEST FOR PRODUCTION NO. 21:  Any and all indemnity agreements or hold harmless agreements between LANDSTAR INWAY, INC.'S and any of its employees, truck drivers or independent contractors.

RESPONSE:

REQUEST FOR PRODUCTION NO. 22:  Any and all documents having to do with or pertaining to the driving record of SHAKYRA SANDERS.

RESPONSE:

REQUEST FOR PRODUCTION NO. 23:  Any and all log books or other similar documentation regarding SHAKYRA SANDERS driving for the six (6) months prior to the date of the collision in question, including through August 4, 2016.

RESPONSE:

REQUEST FOR PRODUCTION NO. 24:  Any and all documents which the Department of Transportation or any other governmental agency required your driver to keep regarding the driving services that he performed for you for the six (6) months prior to the date of the collision in question and including the date of the collision in question.

RESPONSE:

REQUEST FOR PRODUCTION NO. 25:  All data or documentation contained in the recorder data box in the Truck, which was being driven by SHAKYRA SANDERS.

RESPONSE:

REQUEST FOR PRODUCTION NO. 26:  The front and back of SHAKYRA SANDERS current driver's license.

RESPONSE:

REQUEST FOR PRODUCTION NO. 27:  The Report of Vehicle Repair pertaining to the truck which was involved in the collision made the basis of this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 28:  The pre-trip inspection report pertaining to the truck which was involved in the collision made the basis of this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 29:  The post-trip inspection report pertaining to the truck which was involved in the collision made the basis of this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 30:  With respect to the truck identified in the accident in question, please produce the following:

      (a)    All maintenance reports and records, including the maintenance folder;

      (b)    All repair orders;

      (c)    Purchase, registration and title information;

      (d)    Documents reflecting repair expenditures;

      (e)    All trip reports and log books;

      (f)    All records indicating the vehicle in question was ever involved in any type of collision;

      (g)    All records indicating the vehicle in question suffered any damage for any reason;

      (h)    Any and all SHAKYRA SANDERS' Daily Vehicle Inspection Reports; and

      (i)    The entire "truck" or "vehicle" file pertaining to this vehicle.

RESPONSE:

REQUEST FOR PRODUCTION NO. 31:  Any and all maintenance records pertaining to the truck driven by SHAKYRA SANDERS.

RESPONSE:

REQUEST FOR PRODUCTION NO. 32:  All employment records of SHAKYRA SANDERS, including the complete personnel file, medical records and driving records, including but not limited to the following:

      (a)    All annual review of driving records;

      (b)    Application for employment;

      (c)    Responses from state agencies and past employers concerning his driving record;

      (d)    Any and all Road Test records relating to SHAKYRA SANDERS;

      (e)    All medical examiners' certificates relating to SHAKYRA SANDERS

      (f)      List of driver's violations;

      (g)     Any accident reports; and

      (h)     Any documents having to do with or relating to any drug use by SHAKYRA SANDERS.

RESPONSE:

REQUEST FOR PRODUCTION NO. 33:  Any documentation regarding SHAKYRA SANDERS involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

RESPONSE:

REQUEST FOR PRODUCTION NO. 34:  Pursuant to Rule 203.3(c), please produce all documents that you have obtained by deposition or written questions.

RESPONSE:

REQUEST FOR PRODUCTION NO. 35:  Any and all non-waiver agreement and/or reservation of rights letter, or other letters regarding any potential limitation of insurance coverage, that was either sent to the named insured or was signed by the named insured.

RESPONSE:

REQUEST FOR PRODUCTION NO. 36:  Any and all duty status records of SHAKYRA SANDERS for each of the seven (7) consecutive 24-hour periods immediately preceding the date of the collision.

RESPONSE:

REQUEST FOR PRODUCTION NO. 37:  Any and all duty status records of SHAKYRA SANDERS.

RESPONSE:

REQUEST FOR PRODUCTION NO. 38:  Any and all records contained in the Defendants' automatic on-board recording device for the truck being driven by SHAKYRA SANDERS.

RESPONSE:

REQUEST FOR PRODUCTION NO. 39:  Any and all receipts, bills, invoices or other records having to do with or pertaining to purchase of fuel by SHAKYRA SANDERS for the period sixty (60) days prior to and including August 4, 2016.

RESPONSE:

REQUEST FOR PRODUCTION NO. 40:  Any and all documents having to do with or pertaining to the cargo being transported by SHAKYRA SANDERS for the period ten (10) days immediately preceding the date of the collision and through and including August 4, 2016.

RESPONSE:

REQUEST FOR PRODUCTION NO. 41:  Any and all citations for traffic violations received by your driver SHAKYRA SANDERS as a result of the incident made the basis of this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 42:  Any and all vehicle inspection reports received by you or your driver from the State of Texas as a result of any inspections to the truck on or about August 4, 2016.

RESPONSE:

REQUEST FOR PRODUCTION NO. 43:  Any and all commercial vehicle equipment violations received by you or SHAKYRA SANDERS as a result of any inspections to the truck/tractor or the trailer by the State of Texas.

RESPONSE:

REQUEST FOR PRODUCTION NO. 44:  Any and all correspondence, letters, communications, forms, reports, certifications or other documents between LANDSTAR INWAY, INC. and the State of Texas or the Texas Department of Public Safety, having to do with or pertaining to the accident in question or the inspections of the vehicles involved.

RESPONSE:

REQUEST FOR PRODUCTION NO. 45:  Any and all inspection reports pertaining to the truck from August 4, 2016 to the present.

RESPONSE:

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT, LANDSTAR INWAY, INC.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure the following Interrogatories shall be answered separately and fully in writing under oath.  The Answers shall be signed by the Plaintiff and the Plaintiff shall serve a copy of the Answers on the Defendant's attorney, within fifty (50) days from the date of service hereof, unless the Court, on Motion and Notice, for good cause shown, enlarges or shortens the time. Anything to the contrary notwithstanding, the following Interrogatories are not intended to call for the description of matters or items protected by the attorney client, attorney work-product, or investigation in anticipation of litigation privileges.

## DEFINITIONS

The following terms, when they appear have the meaning indicated for the particular item of discovery.

1.     **"IDENTIFY" OR "IDENTITY"**

a.     When used in reference to a **natural person** means the person's full name, last known address and telephone number;

b.     when used in reference to a **corporation or legal entity other than a natural person**, means the name, address of its principal place of business;

c.     when used in reference to a **document**, means the name and date of the document and the name and address of the person who prepared it and who signed it and;

d.     when used in relation to a **"prosecution," "suit" or "lawsuit"** means to briefly describe the nature of the prosecution lawsuit (e.g., the state and county where it was litigated), and the disposition, if any, of the same.

When used for any other purpose, the common dictionary meaning of **IDENTIFY OR IDENTITY** apply.

2.      **"PLAINTIFF", "YOU", OR "YOUR"** refers to the party this document is directed to, its attorneys, agents and all natural persons or businesses or legal entities acting on behalf of that party.

3.      **"DOCUMENT" OR "DOCUMENTS"** - Refers to all handwritten, stenographic, typewritten or printed writings and papers or illustrations of every kind kept, originated, maintained or received by the party this discovery is directed to.  Such materials include but are not limited to photographs, microfilms, tape and disc, visual and audio recordings, including reproductions or copies of the foregoing items that are not identical duplicates of the original.

4.      **"DESCRIBE"** - means to set out with reasonable specificity and particularity the facts known to you relating to the subject matter of the interrogatory in question.  While DESCRIBE does not require you to state those facts as fully as you might develop them at trial, it does contemplate that you will describe those facts in enough detail that Defendant cannot fairly claim to be surprised by the fuller development at trial of the subject matter inquired about.

5.      The **"OCCURRENCE IN QUESTION" OR "ACCIDENT IN QUESTION" OR "INCIDENT" OR "COLLISION"** means the incident forming the basis of this lawsuit.

6.      "**MEDICAL TREATMENT**" refers to and includes all services and treatment provided by any doctor, chiropractor, pharmacist, and/or practitioner of the medicinal arts including but not limited to those who practice acupuncture and physical therapy.

## INTERROGATORIES

1.      Please state the full name, address and job title of each person answering these Interrogatories on behalf of Defendant.

ANSWER:

2.      Identify all persons whom you believe have knowledge of relevant facts and describe the issues upon which you believe they have knowledge.

ANSWER:

3.      Identify each person whom you expect to call as an **expert witness** at the trial of this case, and, as to each expert so identified, state the subject matter on which he is expected to testify, the substance of the facts and opinions to which he is expected to testify, and a summary of the grounds for each opinion.

ANSWER:

4.      You state in your Answer that "Plaintiff was comparatively negligent . . ."  With respect to such allegation, please identify each and every such party or instrumentality you claim caused the accident.

ANSWER:

5.      Set forth the factual bases for your contention that the occurrence was the result of any third party or instrumentality not under your control Rule 192.3(j), Texas Rules of Civil Procedure.

ANSWER:

6.      Set forth the name, address and telephone number of each agent, employee, servant, investigator or representative of LANDSTAR INWAY, INC.. or its insurers, who investigated the collision involved in this lawsuit.

ANSWER:

7.      Please state the name, address and telephone number and job title of the person(s) who hired SHAKYRA SANDERS.

ANSWER:

8.      Please set forth specifically the **relationship** between LANDSTAR INWAY, INC. and SHAKYRA SANDERS at the time of the collision made the basis of this lawsuit, and whether he was an employee, company driver, owner/operator or independent contractor.

ANSWER:

9.      Please set forth and describe the procedures you use to investigate the driving ability and background of your drivers who drive your vehicles as part of their job duties.

ANSWER:

10.     Please state whether SHAKYRA SANDERS was acting within the course and scope of his employment with LANDSTAR INWAY, INC. at the time of the collision made the basis of this lawsuit.  Pursuant to Rule 192.3(j), if you contend that SHAKYRA SANDERS was not acting within the course and scope of his employment, set forth the name, address and telephone number

of each agent, employee, servant, investigator or representative of LANDSTAR INWAY, INC. or its insurers, who investigated the collision involved in this lawsuit.

ANSWER:

11.     Please state the number of vehicles that you owned at the time of the collision made the basis of this lawsuit, that were to be driven on the public roads and highways by your employees, whether they were company drivers or independent contractors.

ANSWER:

12.     Please state the number of (a) company drivers; and (b) owner/operator drivers you had at the time of the collision made the basis of this lawsuit, that were to be driven on the public roads and highways by your employees or independent contractors.

ANSWER:

13.     With respect to liability insurance, please set forth the names of the insurance companies and monetary limits of coverages, including umbrella policies and excess coverage policies which could provide coverage for the collision made the basis of this lawsuit.  Please include in your answer whether or not the named insured of any of these policies has either received or been asked to sign a reservation of rights letter or non-waiver agreement.

ANSWER:

14.     Does LANDSTAR INWAY, INC. have any written indemnity agreement or hold harmless agreement or similar contract between it and any other company or person which would cover the

incident involved in this lawsuit?  If so, please identify all such written or recorded indemnity or hold harmless agreements, and the names of all parties to such agreements.

ANSWER:

15.     Describe in your own words how the collision made the basis of this lawsuit occurred. Please include in your answer what your claim or contention will be regarding the cause or contributing causes of the collision, including a statement in detail of the facts or information upon which such contention is based.

ANSWER:

16.     Do you have any information to indicate for any reason that there was a **defect or failure** on the part of any vehicle or equipment involved in this collision?  If so, please describe completely and in detail any and all information you have regarding such defect or failure.  In your answer, set forth the vehicle involved, and identify the mechanical defect or failure.

ANSWER:

17.     Please state whether LANDSTAR INWAY, INC. ever reprimanded, warned or cited SHAKYRA SANDERS (whether oral or written) for any wrongful or improper actions, activities or events while employed by you or as a driver for you, prior to or subsequent to the collision made the basis of this lawsuit.  If so, please state in full and with particularity the time and date, reason for the warning or reprimand and the name of the individual(s) who warned, reprimanded or cited SHAKYRA SANDERS.

ANSWER:

18.     With respect to SHAKYRA SANDERS's **driving record**, please state whether he ever received any traffic citations (speeding tickets, DWI, etc.) or was ever involved in any vehicular accidents while in the course of his employment with you or as a owner/operator for LANDSTAR INWAY, INC. If so, please state the date(s), location and facts of each such incident and the disposition of such incident(s).

ANSWER:

19.     With respect to the collision made the basis of this lawsuit, please describe and set forth in detail any and all **citations** received by SHAKYRA SANDERS.

ANSWER:

20.     Did you or SHAKYRA SANDERS receive any citations for **commercial vehicle equipment violations** as a result of the incident made the basis of this lawsuit?  If so, please describe and set forth in detail any and all citations issued or received by you and set forth the disposition of each such citation.

ANSWER:

21.     Please state whether or not, since September 2, 2016, there have been any **repairs, changes or modifications** to the truck or trailer which were involved in the collision made the basis of this lawsuit.  If so, please describe the full extent of such repairs, changes or modifications, when they took place and who performed the work and when it was done.

ANSWER:

22.     If the tractor and trailer were involved in transporting goods or cargo at the time of the collision, please state under what type of agreement such cargo was being hauled, the pick up point for the goods or cargo, and the destination of the cargo.

ANSWER:

23.     With respect to the collision made the basis of this lawsuit, please state whether a report of any kind was made and if so, by whom, when made and in whose custody such a written report is located.

ANSWER:


24.     Did SHAKYRA SANDERS submit to a **urine test** or other drug detection test after the collision made the basis of this lawsuit?  If so, state the time and location of the test and to whom such report was made, and set forth the results of any such test.

ANSWER:



25.     Please list those expert witnesses, if any, identified by Plaintiff whom you contend are not qualified to render opinions or whose opinions you contend should be excluded under the standards set forth in Texas Rules of Evidence Rule 702, or as set forth in *Robinson vs. E.I. DuPont Denemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Supreme Court of Texas, United States Supreme Court or any other court which you contend extends the holding in *Robinson*.

ANSWER: