Filed: 8/10/2017 7:31 PM
Juli Luke
Denton County, County Clerk
By: Nancy Mclaughlin, Deputy

No. CV-2017-02099

| | | |
|---|---|---|
| **FELIPE MUNOZ &,** § | | **IN THE COUNTY COURT** |
| **STEPHANIE ESTRADA Plaintiffs,** § | | |
| § | | |
| **v.** § | | **AT LAW NO.** 2 |
| § | | |
| **SHAKYRA SANDERS &** § | | |
| **LANDSTAR INWAY, INC., Defendants** § | | **DENTON COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY

Plaintiffs, **FELIPE MUNOZ & STEPHANIE ESTRADA** files this original petition against defendant, **SHAKYRA SANDERS**, and alleges as follows:

#### A. DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

#### B. RELIEF

2. Plaintiff seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees.

#### C. PARTIES

3. Plaintiffs, FELIPE MUNOZ & STEPHANIE ESTRADA, are individuals, residing together in Dallas County, Texas.

4. Defendant, SHAKYRA SANDERS, an individual, may be served with process at defendant's usual place of abode in Ashland County at 82008 County Road F Butternut, Wisconsin 54514, or wherever defendant may be found.

5. Defendant, LANDSTAR INWAY, INC., is a corporation, may be served at defendant's primary place of business in 13410 Sutton Park, Drive, South Jacksonville, Florida 32224 on defendant's director Patrick J O'Malley or by defendant's Registered Agent, C T CORPORATION SYSTEM at 1200 South Pine Island Rd, Plantation, FL 33324.

## D. VENUE

5. Venue is proper in Denton County under Texas Civil Practice & Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Denton County.

## E. FACTS

6. On or about August 04, 2016 Plaintiffs, Felipe Munoz & Stephanie Estrada, were traveling southbound on Interstate 35 in the left lane. Defendant driver, Shakyra Sanders attempted to change lanes into Plaintiffs' lane. Despite numerous attempts to get the attention of Defendant Driver, Defendant Driver ran into Plaintiff's causing severe property and physical damage to Plaintiffs, of which, Plaintiffs are still suffering from to date.

## F. NEGLIGENCE CLAIM AGAINST SHAKYRA SANDERS

7. Defendant had a duty to exercise ordinary care and operate defendant's vehicle reasonably and prudently.

8. Defendant breached the duty of care in the following ways:
    a. Failing to timely apply the brakes.
    b. Failing to maintain a proper lookout.
    c. Failing to maintain proper control of defendant's vehicle.
    d. Failing to turn the vehicle to avoid the collision.
    e. Driving defendant's vehicle at a rate of speed greater than that at which a person of ordinary prudence would have driven under the same or similar circumstances.

9. Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages:
    a. Physical pain in the past and future.
    b. Mental anguish in the past and future.
    c. Disfigurement in the past and future.
    d. Physical impairment in the past and future.
    e. Medical expenses in the past and future.
    f. Loss of earning capacity in the past and future.

10. Plaintiff seeks damages within the jurisdictional limits of this Court.

## G. STATUTORY EMPLOYEES

At all times material to this cause of action, Defendant **SHAKYRA SANDERS** was for all purposes statutory employees of Landstar Inway, Inc. as contemplated by both the Federal Motor Carrier Safety Responsibility Act (FMCSR) and Texas statute. An employer, as defined by FMSCR, "means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business…." 49 C.F.R. § 390.5 (1997). Texas has incorporated, by reference, Parts 382, 385, 386, 390-393, and 395-395 of the Federal Motor Carrier Safety Regulations. *See* 37 Tex. Admin. Code § 3.62(a) (1996) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Parts 382, 385, 386, 390-393, and 395-397

including amendments and interpretations thereto." Landstar Inway, Inc is thereby vicariously liable for the negligent actions of Shakyra Sanders. *Morris v. JTM Materials*, 78 S.W.3d 28 (Tex. App-Fort Worth 2002, no pet.).

### H. RESPONDEAT SUPERIOR CLAIM AGAINST LANDSTAR INWAY, INC.

At all times material hereto, all agents, servants, and/or employees of **LANDSTAR INWAY, INC**. including **SHAKYRA SANDERS** were acting within the course and scope of employment and/or official duties.

Furthermore, at all times material hereto, all agents, servants, and/or employees of **LANDSTAR INWAY, INC**, including **SHAKYRA SANDERS**, were acting in furtherance of the duties of their office and/or employment.

Therefore, **LANDSTAR INWAY, INC.**, is responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees, including **SHAKYRA SANDERS**, pursuant to the Doctrine of *Respondeat Superior.*

### I. NEGLIGENCE PER SE CLAIM AGAINST LANDSTAR INWAY, INC.

Moreover, Plaintiffs will show that, at the time of the incident in question, Defendant **LANDSTAR INWAY, INC.**, **SHAKYRA SANDERS** violated the TEXAS TRANSPORTATION CODE in at least one or more of the following ways:

a. Failing to control the speed of the vehicle, in violation of § 545.351;

b. Failing to change lanes when it is safe, in violation of Texas Transportation Code 545.060;

c. Failing to approach the intersection in the extreme left-hand lane lawfully available to a vehicle moving in the direction of the vehicle, in violations of Texas Transportation Code §545.101; and

d. Failing to drive a speed that is reasonable and prudent under the same or similar circumstance, in violation of 545.351.

At all times material to this cause of action, Plaintiffs belonged to that class of persons for whom said statutes were enacted to protect. Defendants **LANDSTAR INWAY, INC. and SHAKYRA SANDERS** failed to adhere to the non-conditional standards set forth by said statutes and/or regulations constitutes *negligence per se*. Each and all of the above stated acts and/or omissions are a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

## J. PRAYER

11. For these reasons, plaintiff asks that the Court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendant for the following:
      a. Actual damages.
      b. Prejudgment and post judgment interest.
      c. Court costs.
      d. All other relief to which plaintiff is entitled.

Respectfully submitted,

**The Law Offices of Kelly T. Curran**

BY:_____

**Garrett J. McLearen**
State Bar No. 24090258
5720 LBJ Fwy. Suite 440
Dallas, Texas 75240
Phone: (469) 730-3007
Fax:  (469) 458-2993
Email: Garrett@ktclawfirm.com
**ATTORNEY FOR PLAINTIFF**